c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JACQUELINE SEWELL, Plaintiff | CIVIL ACTION NO. 1-23-CV- 00889 |
| VERSUS | CHIEF JUDGE DOUGHTY |
| UNITED STATES OF AMERICA, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 10) filed by Defendant the United States of America's (the "Government") under Federal Rules of Civil Procedure 12(b)(1) and (h)(3). The Government seeks dismissal for lack of subject matter jurisdiction over Plaintiff Jacqueline Sewell's ("Sewell's") second claim for the same automobile accident due to settlement of her administrative tort claim. Sewell opposes. ECF No. 12.

Because Sewell's claim is barred by a statutory release, the Government's Motion to Dismiss (ECF No. 10) should be GRANTED for lack of subject matter jurisdiction.

I.  Background

Sewell filed suit under the Federal Tort Claims Act ("FTCA"), 18 U.S.C. § 2671, alleging personal injuries from an automobile accident in Alexandria, Louisiana on January 31, 2022 with Matthew Moore ("Moore"), an employee of the United States Postal Service ("USPS"). ECF No. 1. Sewell alleges she presented an administrative

1

claim to the USPS, which was denied, thereby completing all prerequisites and permitting suit pursuant to 28 U.S.C. § 2675. *Id.* at 1-2.

Sewell was the owner and operator of a 2013 Chrysler 300 traveling south on North Bolton Avenue in Alexandria, Louisiana through a green light. *Id.* at 2. She claims that Moore – while operating a 1991 Postal Service vehicle owned by the Government and while in the course and scope of his employment – entered the roadway through a red light and collided with Sewell. *Id.* at 2-3.

Sewell asserts the Government is liable for Moore's negligent acts. *Id.* at 3. She claims injuries to "her entire body and mind, including her back and knees." *Id.* at 4. She seeks damages in the amount of $1.5 million for her pain and suffering, medical expenses, mental anguish, humiliation, aggravation, loss of wages and/or earning capacity, loss of enjoyment of life, physical injuries and disability, and scarring and disfigurement. *Id.*

The Government responded, seeking dismissal for lack of subject matter jurisdiction. ECF No. 10. The Government argues that Sewell's Complaint is factually incorrect as the administrative claim presented was settled and Sewell released USPS from any additional or future claims related to this accident. ECF No. 10-1 at 1. The Government submits the Declaration of David R. Kupper ("Kupper") (ECF No. 10-2) concerning the administration of Sewell's claim, along with the following supporting exhibits: (1) Sewell's first Standard Form 95 ("SF-95") (ECF No. 10-2 at 5); (2) the release letter and check to Sewell from USPS (ECF No. 10-2 at 7); (3) a screenshot of USPS accounting records showing the check was deposited and

cleared (ECF No. 10-2 at 8); (4) a letter from Sewell's attorney enclosing a new SF-95 form (ECF No. 10-2 at 10); and (5) a letter from USPS to Sewell responding that her claims had been adjudicated and that the check operated as a complete release (ECF No. 10-2 at 13).

Sewell submits the following: (1) a facsimile confirmation of Sewell's attorney's letter of representation (ECF No. 12-1 at 1); (2) USPS's letter acknowledging legal representation of Sewell (ECF No. 12-1 at 4); (3) a letter from Sewell's attorney enclosing her second SF-95 form (ECF No. 12-1 at 8); (4) a Durable Power of Attorney, executed October 25, 2022 (ECF No. 12-1 at 11); and (5) USPS's denial of her second claim (ECF No. 12-1 at 16).

II. Law and Analysis

    A. Rule 12(b)(1) provides for dismissal for lack of subject matter jurisdiction.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *In re* FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs), 668 F.3d 281, 287 (5th Cir. 2012). "Plaintiffs bear the burden of establishing subject-matter jurisdiction." *Id.* A district court may dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in

3

the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Willoughby v. U.S. Dept. of Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Because the Government has submitted materials outside the pleadings in support of its 12(b)(1) motion, it has asserted a factual attack on the subject matter jurisdiction of the court. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Under these circumstances, Sewell is required to submit facts through some evidentiary method, and she has the burden of proving by a preponderance of the evidence that the trial court has subject matter jurisdiction. *Id.* at 523.

The "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

    B.    <u>Sovereign Immunity and the Federal Tort Claims Act</u>

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). The United States can be sued only by its permission, and only by procedures set forth by Congress. *United States v. Dalm*, 494 U.S. 596, 608-10 (1990); *Lehman v. Nakshian*, 453 U.S. 156, 160-61, 101 S.Ct. 2698, 2701-02, 69 L.Ed.2d 548 (1981); *United States v. Testan*, 424 U.S. 392, 399 (1976). Any lawsuit against the United States must be brought in compliance with a specific

4

statute that expressly waives sovereign immunity. *Testan*, 424 U.S. at 399. Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. *Soriano v. United States*, 352 U.S. 270 (1957); *see United States Department of Energy v. Ohio*, 503 U.S. 607 (1992).

The FTCA expressly waives sovereign immunity and permits suits against the United States that are grounded on state-law tort claims for money damages. *Ziler v. USA*, 6:21-CV-01697, 2022 WL 2390045, at *4 (W.D. La. July 1, 2022) (citing 28 U.S.C. § 2671, et seq.; *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006)). Before the claimant can commence an FTCA suit, the claimant must first "present [ ] the claim to the appropriate Federal agency," and this claim must be finally denied by the agency in writing. *Id.* (citing *Gauthreaux v. United States*, No. 20-CV-1894, 2021 WL 704397 (E.D. La. Feb. 23, 2021)). "The question of whether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject-matter jurisdiction and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." *Diyenno-Messenger v. United States*, 22-50303, 2023 WL 4146282, at *2 (5th Cir. June 23, 2023) (citing *Willoughby*, 730 F.3d at 479 (citations omitted)).

C. <u>The Court lacks subject matter jurisdiction</u>.

The Government argues that the Court lacks subject matter pursuant to 28 U.S.C. § 2672 and 39 C.F.R. § 912.14 because Sewell accepted a settlement payment for property damage in her administrative claim for the January 21, 2022 accident. ECF No. 10-1.

The Government shows that Sewell submitted an SF-95 form on March 11, 2022, regarding a claim related to the January 21, 2022 accident. ECF No. 10-2 at 2. On that form, Sewell noted property damages and claimed total damages in the amount of $6,000. ECF No. 10-2 at 5. She indicated "N/A" under personal injury. *Id.* Box 12 references instructions on the reverse side of the form for completing the "Amount of Claim" portion. ECF No. 10-2 at 2, 5. Box 12d denotes on the "Total" that "Failure to specify may cause forfeiture of your rights." *Id.* The instructions further indicate that "[i]f a claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 on this form." *Id.* Beneath Box 12, it states in all capital letters: "I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM." *Id.*

The Tort Claims Accounting Service Center of the USPS adjudicated Sewell's claim and sent a check on June 13, 2022 in the amount of $2,918.82 made payable to Sewell "in full and final settlement" of her administrative claim. ECF No. 10-2 at 2, 7. The correspondence stated that:

> Acceptance of this check operates as a complete release and bars recovery of any additional or future claims against the United States, the United States Postal Service and/or government employee(s) whose act(s) or omission(s) gave rise to the claim by reason of the same subject matter. Any subrogation claims, liens, or any outstanding indebtedness, resulting from this incident must be satisfied from the proceeds of this check.

6

*Id.* The check was issued on June 3, 2022 from the USPS Accounting Service Center, sent care of the New Orleans USPS Tort Claims Investigations Louisiana District. ECF No. 10-2 at 7-8. The Government further shows that the check was cashed/deposited by Sewell and cleared on June 16, 2022. ECF Nos. 10-2 at 3, 8-9.

On November 29, 2022 – five months after cashing/depositing the settlement check and more than eight months after filing the first SF-95 – USPS received a letter dated November 17, 2022, from her attorney enclosing a new SF-95 seeking $1,500,000 in total damages allegedly related to the subject accident. ECF Nos. 10-1 at 2, 10-2 at 3, 10-2 at 10. In the newly submitted claim, Sewell alleged she "sustained injuries to her knees and back as a result of the accident, the extent of Ms. Sewell's records indicate she may need a surgical procedure on her knees." ECF No. 10-2 at 11. It also stated in the property damage section, "not applicable paid by USPS." *Id.*

On February 9, 2023, USPS sent Sewell's attorney a letter advising him that Sewell had already submitted a claim regarding the January 31, 2022 accident, that on June 13, 2022 she was sent a check in the amount of $2,918.82 in full and final settlement of her claim, and that the June 13, 2022 letter to Sewell clearly sated the check operates as a complete release of any claim for the subject accident. ECF Nos. 10-1 at 3, 10-2 at 3, 10-2 at 13. USPS also stated that it is "bound by federal statutes, and under the law, cashing of a settlement check constitutes a full release of any and all claims arising from the same incident and bars consideration of any further claims." ECF No. 10-2 at 13 (citing caselaw). Based on the above, the Government seeks dismissal due to Sewell's negotiation of the settlement check with clear and

7

unambiguous language that it served as a release of any claims and her second claim for more damages is barred and must be dismissed. ECF No. 10-1 at 3.

The Government argues that there is a limited waiver of sovereign immunity from suit under the FTCA, with certain limits and conditions of that waiver. ECF No. 10-1 at 5-6. Settlement and release of claims is provided by statute and USPS regulation. *Id.* (citing 28 U.S.C. § 2672; 39 C.F.R. § 912.14). The Government argues that when a claimant accepts a settlement for certain tort claims and then later files the same or additional claims, courts have interpreted § 2672 as a bar to a second claim. *Id.* (citing cases).

The Government further argues that under Louisiana contract law, the terms of the settlement release are unambiguous. ECF No. 10-1 at 8. The Government asserts that, in similar cases, this Court has found that the terms of the settlement reflected in the USPS's settlement letter and the release language in § 2672 were not susceptible to more than one reasonable interpretation. *Id.* at 8 (citing *Ziler v. United States*, 2022 WL 2390045 (W.D. La. Jul. 1, 2022).

Sewell disputes that her personal injury claim should be barred as a "second claim." ECF No. 12 at 4. She claims that, because she was represented by counsel, that the release and check sent directly to her was in violation of federal regulations governing payments under the FTCA. *Id.* at 4-5 (citing 28 C.F.R. § 14.10). Thus, Sewell contends that the settlement of her property damage claim should have no bearing on the jurisdiction of this Court over her personal injury claim, and that the release should be held invalid. *Id.* at 5.

8

Counsel for Sewell faxed the USPS a letter of representation, dated June 10, 2022, advising of their representation of Sewell for personal injuries sustained from the subject accident. ECF No. 12-1 at 3. The letter requests USPS contact him upon receipt to discuss property damage and provide the claim information. *Id.* Counsel for Sewell states USPS wrote him on June 13, 2022, acknowledging his representation of Sewell.[1] ECF Nos. 12 at 1, 12-1 at 4.

Counsel for Sewell claims that "[a]fter receiving this letter, USPS sent a check with release directly to [ ] Sewell, ignoring her attorneys." ECF No. 12-1 at 18. Counsel for Sewell contends that Sewell "rightly assumed this check was for her property damage and cashed it." ECF No. 12 at 6. Counsel for Sewell further argues she did not intend to release her personal injury claims. *Id.* at 7.

Under 28 U.S.C. § 2672:

> The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment ...
>
> Subject to the provisions of this title relating to civil actions on tort claims against the United States, any such award, compromise,

---

[1] Notably, in that same correspondence, USPS advised that "a claim form must be completed and submitted for personal injury and property damage with the total amount [she] is claiming" and it advised him that "[his] client has filed a property damage claim with the [USPS]." ECF No. 12-1 at 4. No claim form was submitted by counsel for Sewell at that time, and he was advised that a Power of Attorney would be required for submission of an SF-95 for personal injury on her behalf. *Id.* at 5. The second SF-95 for personal injury and Power of Attorney, with medical bills and records, was not submitted until November 17, 2022, nearly five months after Sewell cashed/deposited the payment from USPS for property damage on her first SF-95. ECF No. 12-1 at 8.

9

> settlement, or determination shall be final and conclusive on all officers of the Government, except when procured by means of fraud.
>
> The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter.

Further, 39 C.F.R. § 912.14 provides in relevant part:

> Payment by the Postal Service of the full amount claimed, or acceptance by the claimant, his agent, or legal representative, of any award, compromise, or settlement made pursuant to the provisions of the Federal Tort Claims Act, shall be final and conclusive on the claimant, his agent, or legal representative, and any other person on whose behalf or for whose benefit the claim has been presented, and shall constitute a complete release of any claim against the United States and against any employee of the Government whose act or omission gave rise to the claim by reason of the same subject matter.

The facts relating to claim preclusion under § 2672 are independent of the merits of this case. Here, the factual dispute is whether Sewell previously accepted a settlement under the FTCA.

It is undisputed that Sewell negotiated the settlement check for payment of her initial SF-95 claim. ECF Nos. 10, 12. Sewell's argument that the acceptance and deposit of the check did not serve as a full and final settlement has been rejected by this Court in previous cases. *See Ziler v. United States of America*, 2022 WL 2390045, at *5 (W.D. La. Jul. 1, 2022) (citing cases) ("An overwhelming majority of courts have held that, under almost identical circumstances, a plaintiff cannot assert a claim under the FTCA for personal injuries when the plaintiff lists only property damages on an SF-95 and then subsequently accepts a settlement for that property damage claim."). The Court has found even a claimaint's "mistaken belief in accepting a

10

settlement check for property damages is merely a 'unilateral mistake' that is not sufficient to vitiate the release." *Id.* (citing cases).

In *Ziler*, the claimant filed an SF-95 with USPS, entering only property damage as an amount on item number 12 of the claim form and "N/A" for personal injury. *Ziler*, 2022 WL 2390045, at *4. Ziler then received a letter from USPS by certified mail for payment of his claim, and containing the same language under 28 U.S.C. § 2672 and 39 C.F.R. and 39 C.F.R. § 912.14. *Id.* Ziler negotiated the check, then brought personal injury claims on a second SF-95 for the same accident, which were denied by USPS due to the previous settlement. *Id.* at *2-5. The Court found Ziler's personal injury claims were barred by the previous release and dismissed for lack of subject matter jurisdiction. *Id.*

Here, just as in *Ziler*, Sewell undisputedly accepted and negotiated the USPS's settlement check. That acceptance released any remaining claims, including the personal injury claims at issue here, pursuant to § 2672. And, like *Ziler*, Sewell's assertion that her subjective belief that she was settling property damage only was a unilateral mistake.

Moreover, Sewell's argument regarding transmission of the settlement check is without merit. The facsimile confirmation submitted by Sewell herself shows that the letter of representation and fax cover sheet were dated June 10, 2022 – the date which Sewell's counsel claims USPS knew she was represented. ECF No. 12-1 at 1. However, the document also shows that the letter was not faxed to USPS until June 13, 2022, the same date that the settlement check was mailed out. *Id.* And the

11

evidence also shows that the settlement check was invoiced on May 26, 2022, issued on June 3, 2022, and mailed on June 13, 2022. ECF No. 10-2 at 8-9. No representative was listed on her first SF-95 form. In short, therefore, the check was issued before the USPS was notified that Sewell was represented.[2]

Sewell's submission of the first SF-95, along with her acceptance of the settlement check, bars her claim for personal injuries under 28 U.S.C. § 2672. Accordingly, the Court should dismiss her Complaint for lack of subject matter jurisdiction.

III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the Government's Motion to Dismiss (ECF No. 10) be GRANTED for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed,

---

[2] Even notwithstanding that fact, under the governing USPS regulations, payments made by the USPS on approved claims after consideration of all evidence "will be forwarded to the claimant *or* his representative." 39 C.F.R. § 912.10 (emphasis added). And a subsequent regulation unambiguously provides that acceptance by the claimant, the claimant's agent, or a legal representative, of any award, compromise, or settlement made under the FTCA, "shall be final and conclusive on the claimant, his agent, or legal representative," and "shall constitute a complete release of any claim against the United States and against any employee of the Government" for that claim. *See* 39 C.F.R. § 912.14.

12

unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 25th day of June 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

13